## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DAVID WILLIAMS, | ) ) ) | |
| Petitioner, | ) ) | No. 07 C 6068 |
| v. | ) ) ) | Judge Ronald A. Guzmán |
| JAY MERCHANT, Pinckneyville<br>Correctional Center,[1] | ) ) ) | |
| Respondent. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

David Williams has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § ("section") 2254 challenging his state criminal conviction. The case is before the Court on the government's motion to dismiss the petition. For the reasons set forth below, the Court grants the motion and dismisses this case.

## Procedural Background

On May 29, 1991, a jury convicted Williams of murder. (Gov't Ex. A, Certified Statement Conviction, *People v. Williams*, 87 CR 1812402 at 8; Pet. at 1.) On December 21, 1992, the state court sentenced Williams to fifty-two years in prison. (Gov't Ex. A, Certified Statement Conviction, *People v. Williams*, 87 CR 1812402 at 12.)

---

[1]Lee Ryker, Warden of Lawrence Correctional Center, was initially named as the defendant. In July 2008, however, Williams was transferred to the Pinckneyville Correctional Center. Thus, the Court has substituted the Pinckneyville Warden, Jay Merchant, as the defendant.

Williams appealed his conviction, arguing that the trial court: (1) improperly prevented him from presenting certain character evidence; (2) erroneously sustained the government's objections to defense counsel's questions to a witness about her conversation with police; and (3) erroneously denied his motion for a mistrial. (Gov't Ex. C, *People v. Williams*, No. 1-93-0165 at 1-2 (Ill. App. Ct. Nov. 16, 1995).)

On November 16, 1995, the appellate court affirmed Williams' conviction. (*Id.* at 2.) Williams says he sought to appeal that ruling to the Illinois Supreme Court, but his request was denied. (Pet. at 2.)

On October 18, 1996, Williams filed a *pro se* petition for post-conviction relief raising a host of issues, including that: (1) his trial counsel was ineffective for failing to file a motion to quash Williams' arrest and suppress his confession; (2) the trial court made a variety of erroneous rulings during the pre-trial proceedings and trial; and (3) his appellate counsel was ineffective for failing to, among other things, argue that Williams' trial counsel was ineffective. (Gov't Ex. D, Pet. Post-Conviction Relief at 4-15 & Aff. Serv.)

Subsequently, the state court appointed a lawyer to represent Williams, who filed an amended petition. (Gov't Ex. E, *People v. Williams*, No. 87-CR-18124 at 1 (Cir. Ct. Cook County July 20, 2000).) In the amended petition, Williams argued that his trial counsel was ineffective because he failed to file a motion to quash arrest and suppress evidence; did not have Williams testify, though counsel told the jury he would; and failed to move for dismissal based on the violation of Williams' speedy trial rights. (*Id.*) He also argued that his appellate counsel was ineffective for failing to raise trial counsel's errors with the appellate court. (*Id.*)

On July 20, 2000, the circuit court granted the government's motion to dismiss the amended post-conviction petition. (*Id.* at 3.) Williams did not appeal that order. (Pet. at 3.)

On April 28, 2005, Williams filed a second petition for post-conviction relief, arguing that his sentence was unconstitutional. (Gov't Ex. F, Pet. Relief J. at 1-2.) On August 26, 2005, the state court granted the government's motion to dismiss that petition. (Gov't Ex. G, 8/26/05 Hr'g Tr. at E-7.)

Williams appealed that order, which was affirmed by the appellate court on November 27, 2006. (Gov't Ex. H, *People v. Williams*, No. 1-05-2902 at 2 (Ill. App. Ct. Nov. 27, 2006).) Williams' petition to appeal that ruling to the Illinois Supreme Court was denied on March 28, 2007. (Gov't Ex. J, *People v. Williams*, No. 103938 (Ill. Mar. 28, 2007).)

On October 26, 2007, Williams filed the instant petition.


## Discussion

In his petition, Williams argues that: (1) his trial, appellate and post-conviction counsel were ineffective because they did not argue that his sentence was unconstitutional; and (2) his sentence violates due process because it is outside of the sentencing guidelines range and is much longer than those of his co-defendants. The government contends that the petition must be dismissed because it is time-barred.

Habeas petitions have a one-year statute of limitations that runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the

3

Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Only the first option, one year from the date on which the judgment became final, applies to this case.

Unfortunately, that date is not clear from the record. Williams admits that he did not seek direct review of his conviction by the United States Supreme Court. (*See* Pet. at 2.) But, he says he sought and was denied review of his conviction by the state supreme court. (*See id.*) Williams does not, however, provide any evidence to support that claim, including the date on which the state supreme court allegedly denied his petition.

That information was not provided, the government says, because it does not exist. The government contends that Williams did not seek review by the state supreme court and, thus, his conviction became final on December 7, 1995, when the period state law then allowed for seeking such review had expired. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (holding that the habeas limitations period "begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ."); Ill. Comp. Stat., Sup. Ct. R. 315, Committee Comments, December 17, 1993 Revision ("Paragraph (b) is amended to require the filing of an affidavit of intent within 21 days of the Appellate Court judgment on rehearing or the Appellate Court order denying a petition for rehearing in order to have 35 days to file the petition for leave to appeal in the Supreme Court."). Given the dearth of evidence to support William's claim that he sought review of his conviction from the state supreme court, the

4

Court concludes that he did not. As a result, the Court finds that his conviction became final for habeas purposes on December 7, 1995, when the time for him to seek state supreme court review expired.

Because Williams' conviction became final before April 24, 1996, the effective date of the statute that created the limitations period for habeas petitions, he had one-year from the statute's effective date, or until April 24, 1997, to file his petition. *Newell v. Hanks*, 283 F.3d 827, 832-33 (7th Cir. 2002). Moreover, that period would have been tolled during the pendency of "any properly filed application" for state post-conviction relief. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")

Consequently, his grace period ran for 176 days, from April 25, 1996 until October 18, 1996, when he filed his first petition for state post-conviction relief. (*See* Gov't Ex. D, Pet. Post-Conviction Relief, Aff. Serv. (stating that Williams properly mailed his post-conviction petition from prison on October 18, 1996).) The period was then tolled until July 20, 2000, when the state court dismissed his petition. (*See* Gov't Ex. E, *People v. Williams*, No. 87-CR-18124 (Cir. Ct. Cook County July 20, 2000).) It began to run again on July 21, 2000, and expired 189 days later on January 26, 2001.

Williams did not file this petition until October 26, 2007, more than six years after his grace period expired. His petition is timely, then, only if the grace period was equitably tolled for that period. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (noting that the "habeas statute of limitation may be subject to equitable tolling"). "Since the period of limitations is an affirmative

5

defense, the state has the burden of showing that the petition is untimely." *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). Thus, expiration of the limitations period is generally not a suitable basis for dismissing a case pursuant to Rule 12. *Id.*; *see Foss v. Bear, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005) ("[A]fter all, the period of limitations is an affirmative defense that a complaint need not address.").

"Nevertheless, the district court may dismiss a petition *sua sponte* if it appears on its face to be without merit." *Gildon*, 384 F.3d at 886; *see Foss*, 394 F.3d at 542 (noting that a suit may be dismissed if "the complaint alleges facts that create an ironclad defense"). Such is the case here. Equitable tolling "is available only whe[n] the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own." *Arrieta*, 461 F.3d at 867. In his petition, Williams says that he did not seek appellate review of the circuit court's July 20, 2000 dismissal of his post-conviction petition because:

> [My attorney] said he would appeal[.] I waited 6 months[,] then I called him back and asked him how the appeal was going. . . . He said "What appeal"? He sabotaged my post-conviction!!! I then ask[ed] the appellate court permission to file late and they denied me! I wrote the A.R.D.C. but they did nothing!!!

(Pet. at 3.) In other words, Williams admits that he: (1) did nothing for 183 days, *i.e.*, July 21, 2000 to January 21, 2001, after his petition was dismissed; (2) subsequently, called his lawyer and learned no appeal had been filed; and (3) thereafter, sought, and was denied, permission of the appellate court to file a late appeal. Given the fact that Williams was incarcerated throughout this period, his statement establishes that the last 189 days of his habeas grace period expired because of his or his lawyer's neglect, circumstances to which equitable estoppel does not apply. *See Arrieta*, 461 F.3d at 867 ("Mistakes of law or ignorance of proper legal procedures are not [such] extraordinary circumstances" warranting the application of equitable tolling).

6

## Conclusion

For the reasons set forth above, the government's motion to dismiss Williams' petition for

a writ of habeas corpus [doc. no. 18] is granted and this case is dismissed with prejudice.

**SO ORDERED.**　　　　　　　　　　　**ENTERED:**　*8/07/08*

HON. RONALD A. GUZMAN
**United States District Judge**